1  STANLEY L. GIBSON (047882)
   JENNIFER T. SANCHEZ (191548)
2  GIBSON ROBB & LINDH LLP
   100 First Street, 27th Floor
3  San Francisco, California 94105
   Telephone: (415) 348-6000
4  Facsimile:  (415) 348-6001

5  Attorneys for Defendant,
   RIVERVIEW EQUIPMENT COMPANY, LLC and
6  JERICO PRODUCTS, INC.

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11 RIVERVIEW EQUIPMENT COMPANY,       )  Case No.
   LLC, and JERICO PRODUCTS, INC.,    )
12                                    )  **ADMIRALTY COMPLAINT *IN REM* AND**
              Plaintiffs,             )  ***IN PERSONAM***
13                                    )
        v.                            )
14                                    )
   Tug HERO, official number 1091191, )
15 her engines, tackle, appurtances, etc. *in rem*; )
   DONALD A. CLOES, *in personam*; ,  )
16                                    )
              Defendants.             )
17                                    )

18        Comes now RIVERVIEW EQUIPMENT COMPANY, LLC and JERICO PRODUCTS,

19 INC., to file this verified complaint against Tug HERO, official number 1091191, *in rem*;

20 DONALD A. CLOES, *in personam*.

21        1.     This is an admiralty and maritime claim within the meaning of Federal Rules of

22 Civil Procedure 9(h), the Court having jurisdiction under 28 U.S.C. § 1333(1), and is an action *in*

23 *rem* to enforce a maritime lien, pursuant to Federal Rules of Civil Procedure Supplemental

24 Admiralty Rule C, for damage occurring to the barge PT. POTRERO on the Petaluma River, a

25 navigable waterway of the United States.

26        2.     Plaintiff RIVERVIEW EQUIPMENT COMPANY, LLC ("RIVERVIEW") is a

27 California limited liability corporation with its principal place of business in Petaluma, California,

28 and is and at all relevant times was the owner of the Barge PT. POTRERO.

3. Plaintiff JERICO PRODUCTS, INC. ("JERICO") is a California corporation, with its principal place of business in Petaluma, California, and is and at all relevant times was the bareboat charterer of the Barge PT. POTRERO.

4. The defendant vessel HERO is a tugboat, official number 1091191, owned by Defendant Donald A. Cloes, which performs tug services in and around the waters of San Francisco Bay. Plaintiffs are informed and believe that the defendant vessel HERO is now, or during the current of process will be, within the waters in the jurisdiction of the Honorable Court.

5. Defendant DONALD A. CLOES ("CLOES") is believed to be a California resident and the owner of the defendant vessel, HERO and was the Captain operating HERO on December 14, 2005.

6. Plaintiffs are informed and believe and on the basis of such information and belief allege that on December 14, 2005, Deputy U.S. Marshal Enos served an arrest warrant, signed by U.S. District Judge Samuel Conti, on the barge PT. POTRERO, and took the barge into the custody of the U.S. Marshal Service. Thereafter, the physical custody of the barge PT. POTRERO was transferred from the U.S. Marshal Service to Defendant CLOES, captain of the tug HERO.

7. Thereafter the defendant tug HERO with defendant CLOES at the wheel pushed the 55' width barge into the 54' opening of the Haystack Landing railroad bridge on the Petaluma River, a navigable water of the United States of America, where the barge PT. POTRERO became stuck and suffered damage. During the time the barge was stuck in the bridge, the portion of the Petaluma River above the bridge was closed to all navigation.

8. Defendants had a duty to use reasonable care and diligence in protecting and preserving the PT. POTRERO while it was in their possession, which includes the duty to protect the barge from injury and ensure its value is not impaired.

9. Defendants breached their duty and failed to reasonable care in the transport of the PT. POTRERO.

10. As a result of Defendants' negligence and failure to use reasonable care in the transport of the barge PT. POTRERO, the barge PT. POTRERO sustained significant damage.

1      11.    As a further result of Defendants' negligence and failure to use reasonable care in the transport of the barge PT. POTRERO, Plaintiffs were forced to retain security to watch over the barge while it remained wedged in the bridge.

     12.    As a further result of Defendants' negligence and failure to use reasonable care in the transport of the barge PT. POTRERO, the Petaluma River was closed to navigation, during which time Plaintiff JERICO was unable to continue certain business operations on the river, thereby suffering losses.

     13.    Plaintiffs are holders of a valid maritime lien against the defendant vessel HERO for all damages sustained by Plaintiffs resulting from of HERO's movement of PT. POTRERO on December 14, 2005.

WHEREFORE, Plaintiffs RIVERVIEW and JERICO pray for the following relief:

1. That process in due form of law and according to the practice of this Honorable Court may issue against the defendant vessel HERO, her engines, tackle, machinery, equipment, etc., that she be condemned and sold to pay any judgment rendered herein, and that all persons having any interest in said vessel be required to appear and answer under oath the matters aforesaid;

2. That summons may issue against the defendants;

3. That judgment be entered in favor of Plaintiffs and against defendants for the amount of Plaintiffs' claims, together with prejudgment interest thereon and costs of suit herein; and

4. That plaintiffs have such other and further relief as in law and justice it may be entitled to receive

                                                 Respectfully submitted,

Dated: June 20, 2008              GIBSON ROBB & LINDH LLP

_____
Jennifer Tomlin Sanchez
Attorneys for Plaintiffs
RIVERVIEW EQUIPMENT COMPANY,
LLC and JERICO PRODUCTS, INC.

Verification

I, Christian Lind, declare:

1. I am the managing member of Riverview Equipment Company, LLC ("RIVERVIEW") and the general manager of operations for Jerico Products, Inc. ("JERICO"), and I am authorized to make verification on behalf of RIVERVIEW and of JERICO. I have read the foregoing ADMIRALTY COMPLAINT *IN REM* AND *IN PERSONAM* and know the contents thereof. I am informed and believe that the matters stated therein are true and on that ground I allege that the matters stated therein are true.

I declare under penalty of perjury under the laws of the State of California and of the United States of America that the forgoing is true and correct.

Executed this 20TH day of June, 2008, at Petaluma, California.

_____
Christian Lind